**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| BARRY SHAPIRO<br>113 Providence Lane<br>Lansdale, PA 19446<br><br>              Plaintiff,<br><br>     v.<br><br>CHALFONT 456 GROUP, LLC<br>d/b/a VERIZON AUTHORIZED RETAILER –<br>WIRELESS ZONE;<br>286 West Butler Avenue<br>Chalfont, PA 18916<br><br>WIRELESS ZONE, LLC<br>d/b/a VERIZON AUTHORIZED RETAILER –<br>WIRELESS ZONE; and<br>533 Old York Road<br>Warminster, PA 18974<br><br>HWC, LLC f/k/a J&C GLOBAL<br>MANAGEMENT, LLC d/b/a VERIZON<br>AUTHORIZED RETAILER – WIRELESS ZONE<br>62 Southfield Avenue, Suite 100<br>Stamford, CT 06902<br><br>WARMINSTER 456 GROUP, LLC<br>d/b/a VERIZON AUTHORIZED RETAILER –<br>WIRELESS ZONE<br>286 West Butler Avenue<br>Chalfont, PA 18916<br><br>             Defendants. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

---

**COMPLAINT – CIVIL ACTION**

Plaintiff, Barry Shapiro ("Plaintiff"), by and through his undersigned attorneys, for his

Complaint against Defendants Chalfont 456 Group, LLC d/b/a Verizon Authorized Retailer –

Wireless Zone; Wireless Zone, LLC d/b/a Verizon Authorized Retailer – Wireless Zone; HWC,

1

LLC f/k/a J&C Global Management, LLC d/b/a Verizon Authorized Retailer – Wireless Zone; and Warminster 456 Group, LLC d/b/a Verizon Authorized Retailer – Wireless Zone ("Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending Defendants violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by subjecting him to harassment, discriminating against him, and ultimately terminating his employment on the basis of his religion, and in retaliation for his good faith complaints of religious discrimination in violation of Title VII and the PHRA.  As a result, Plaintiff has suffered damages as set forth herein.

## PARTIES

2. Plaintiff, Barry Shapiro, is a citizen of the United States and Pennsylvania, and currently maintains a residence at 113 Providence Lane, Lansdale, PA 19446.

3. Defendant Chalfont 456 Group, LLC d/b/a Verizon Authorized Retailer – Wireless Zone is, upon information and belief, a limited liability company conducting business within the Commonwealth of Pennsylvania with a registered office address located at 286 West Butler Avenue, Chalfont, PA 18916.

4. Defendant Wireless Zone, LLC d/b/a Verizon Authorized Retailer – Wireless Zone is, upon information and belief, a limited liability company conducting business within the Commonwealth of Pennsylvania with a registered office address located at 533 Old York Road, Warminster, PA 18974.

5. Defendant HWC, LLC f/k/a J&C Global Management, LLC d/b/a Verizon Authorized Retailer – Wireless Zone is, upon information and belief, a limited liability company

conducting business within the Commonwealth of Pennsylvania with a registered office address located at 62 Southfield Avenue, Suite 100, Stamford, CT 06902.

6. Defendant Warminster 456 Group, LLC d/b/a Verizon Authorized Retailer – Wireless Zone is, upon information and belief, a limited liability company conducting business within the Commonwealth of Pennsylvania with a registered office address located at 286 West Butler Avenue, Chalfont, PA 18916.

7. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

8. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

9. On or about January 14, 2020, Plaintiff filed four (4) Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e).  Plaintiff's EEOC Charges were docketed as EEOC Charge No. 530-2020-02108; 530-2020-03011; 530-2020-03012; and 530-2020-03013. Plaintiff's EEOC Charges were filed within one hundred and eighty (180) days of his unlawful termination.

10. By correspondence dated May 10, 2021, Plaintiff received four (4) Notices of Rights to Sue from the EEOC regarding his Charges, advising him that he had ninety (90) days from receipt to file suit against Defendants.

11. Plaintiff has therefore exhausted his administrative remedies and has complied with

all conditions precedent to maintaining this action.

12.  This action is for violations by Defendants of Plaintiff's rights protected by, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

13.  This Court has original jurisdiction over Plaintiff's Title VII claims, pursuant to 28 U.S.C. §§ 1331 and 1343, as these are civil rights actions arising under the law of the United States.

14.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as his federal claims.

15.  The venue in this district is proper under 28 U.S.C. § 1391(b), as Plaintiff resides in this judicial district, Defendants do business herein, and the events giving rise to this action occurred in this judicial district.

## FACTS

16.  The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

17.  By way of background, Plaintiff observes and practices Judaism.

18.  In or around March 2019, Plaintiff began his employment with Defendants in the position of Sales Representative at Defendants' Warminster, Pennsylvania location (which is jointly owned and managed by Defendants).

19.  At all times material hereto, Plaintiff performed all aspects of his job satisfactorily, receiving positive performance reviews, occasional praise, and no justifiable discipline.

20.  Upon Plaintiff's hiring, Defendants' District Manager, Chris Medina ("Mr. Medina"), stated that Plaintiff was required to join Defendants' group chat by way of cell phone, because "it's how the stores communicate."

21. The aforementioned group chat is comprehensively comprised of Defendants' employees and/or management staff.

22. Throughout the course of his employment, Defendants' group chat contained messages describing pervasive and severe discriminatory language which created a hostile work environment for Plaintiff.

23. Shortly after Plaintiff was hired, Plaintiff made a complaint to Mr. Medina regarding the unprofessional and anti-Semitic jokes that were constantly being sent in Defendants' group chat.

24. In reply, Mr. Medina stated to Plaintiff, "It's just a joke, just go with it."

25. Defendants did not take any remedial and/or corrective action in response to Plaintiff's complaints of pervasive and severe discriminatory conduct being exhibited by Defendants' employees and management; rather, it appeared that Defendants sanctioned the discriminatory behavior.

26. In or around June 2019, shortly after Plaintiff's aforementioned complaint to Mr. Medina, Plaintiff was notified by Defendants' Store Manager, Patrick Weller ("Mr. Weller"), that he was being transferred to Defendants' New Britain, Pennsylvania location (which is jointly owned and managed by Defendants).

27. Upon information and belief, Defendants' New Britain location yields very little consumer engagement, thereby negatively affecting Plaintiff's ability to generate commissions on sales.

28. Upon further information and belief, Defendants transfer employees to the New Britain location so they will quit rather than needing to be terminated.

29. It was at this time it became evident Plaintiff was being retaliated against for his

complaints of pervasive and severe discriminatory conduct to which he was being subjected to on the basis of his religion by Defendants.

30. Shortly after being transferred to Defendants' New Britain location and subsequent to his complaints of being subjected to discriminatory conduct as a result of his religious beliefs, on or about July 31, 2019, Defendants' New Britain Manager, Nick LNU (Last Name Unknown), abruptly terminated Plaintiff from employment.

31. Plaintiff was advised by Nick LNU, "I'm sorry, I need to let you go, the company wants to let you go."

32. Plaintiff believes and therefore avers that Defendants subjected him to a hostile work environment, which ultimately resulted in his termination from employment on the basis of his religion, and retaliated against Plaintiff for his complaints of same, in violation of Title VII and the PHRA.

33. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *ET SEQ.***
**RELIGIOUS DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION**

34. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth herein.

35. Upon information and belief, Defendants employed over fifteen (15) employees at all times relevant hereto.

36. Plaintiff observes and practices Judaism and, as such, is a member of a protected

class.

      37.      Defendants were aware of Plaintiff's religion.

      38.      As set forth above, Defendants engaged in discriminatory behavior toward Plaintiff on the basis of his religion.

      39.      Defendants subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his religion.

      40.      Ultimately, Defendants took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's religion, in violation of Title VII, and in retaliation for Plaintiff's complaints of religious discrimination and a hostile work environment in connection thereto.

      41.      Defendants acted with malice and reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

      42.      Because of Defendants' deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant him the maximum relief allowed by law, including, but not limited to:

      A.      Back wages, front pay, and compensatory damages in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

      B.      Punitive and/or exemplary damages in an amount to be determined

at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  D. Pre-judgment interest in an appropriate amount; and

  E. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## RELIGIOUS DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION

43. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

44. At the time of his termination, Plaintiff observed and practiced Judaism and, as such, was a member of a class protected under the PHRA from unlawful discrimination because religion.

45. Defendants engaged in discriminatory behavior toward Plaintiff on the basis of his religion.

46. Additionally, Defendants subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his religion.

47. Ultimately, Defendants took tangible employment action against Plaintiff in the form of termination from employment because of Plaintiff's religion and in retaliation for Plaintiff's good faith complaints of religious discrimination and a hostile work environment in connection thereto, in violation of the PHRA.

48. As a result of Defendants' deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

49. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount;

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

       Respectfully submitted,

       **MURPHY LAW GROUP, LLC**

By:<u>*/s/ Benjamin Salvina*</u>
    Benjamin Salvina, Esquire
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    bsalvina@phillyemploymentlawyer.com
    *Attorneys for Plaintiff*

Date: August 9, 2021

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.